# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAWKINS, | Case No. 2:20-cv-02549-LHR-SAB |
| Plaintiff, | ORDER SCREENING SECOND AMENDED COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| BENJAMIN B. WAGNER, et al., | (ECF No. 24, 34) |
| Defendants. | **THIRTY-DAY DEADLINE** |

As relevant here, on September 18, 2024, the Ninth Circuit affirmed in part, reserved in part, and remanded a judgment entered in this matter on December 14, 2021. (ECF Nos. 8, 16, 17.)  Thereafter, the assigned District Judge ordered Plaintiff Kevin Hawkins, who is proceeding *pro se* and *in forma pauperis*, to "amend his complaint to clarify what claims he asserts against what defendants and will properly serve the defendants.  The amended complaint will not include claims that the Ninth Circuit upheld as dismissed, or defendants that the Ninth Circuit held were entitled to absolute immunity."  (ECF No. 23.)  Plaintiff timely complied and on September 29, 2025, he filed his second amended complaint. (ECF No. 24.)

On December 16, 2025, specially appearing Defendants Scott Jones and the United States of America moved to have the second amended complaint screened by a United States Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(B), 1915(e)(2).  Following briefing and a hearing, the assigned District Judge granted the motion.  (ECF Nos. 34, 35.)  Following recusal

of the Hon. Sean R. Riordan, this matter was randomly reassigned to the undersigned.  The Court now undertakes its screening of the second amended complaint, as referred by the District Judge.

## I.

## SCREENING REQUIREMENT

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is frivolous or malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).  In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking.  Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case.  Id.; Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

/ / /

/ / /

## II.

## COMPLAINT ALLEGATIONS

Plaintiff begins by stating that he has brought his case as asserting "constitutional and statutory claims against the remaining Defendants, arising from malicious prosecution, fabrication of evidence, denial of due process, and related misconduct." (ECF No. 24, p. 4.)[1]

Plaintiff is Kevin T. Hawkins, a resident of Sacramento, California. (Id.)  The remaining Defendants in this action are the United States of America; Camellia Skipper, Former Appellate Chief, USAO-EDCA, individually and in her official capacity; Minerva Shelton, FBI Special Agent, individually and in her official capacity; Scott Jones, former Sacramento County Sheriff, individually in his official capacity; Derek Stigerts, Sacramento Police Detective, individually and in his official capacity; Nisha Modica, U.S. Probation Officer, individually and in her official capacity; Renee Basurto, U.S. Pretrial Services Officer, individually and in her official capacity; and John Does 1-100. (Id. at pp. 4-5.)

Regarding Plaintiff's statement of facts, the Court quotes the second amended complaint in its entirety:

> Central to this complaint is the misconduct and conflict of interest of Camellia Skipper, then—Appellate Chief of the USAO-EDCA, who harbored personal animus toward Plaintiff.  Skipper personally booked Ashley C. Hawkins' travel to testify as a government witness, which led to a conviction later reversed by the Ninth Circuit.  Both Ashley C. Hawkins and Charnette Corbin testified as government witnesses at Plaintiff's trial on the witness tampering count.  Charnette Corbin, who had a close familial relationship with Skipper as her first cousin, further demonstrates the conflict of interest.  After Skipper's death in 2024, Charnette Corbin was appointed Executor of her multi-million-dollar estate, underscoring the closeness of the relationship and magnifying the conflict of interest.  This conduct tainted the prosecution and led to malicious overreach.

(Id. at p. 5.)

Thereafter, Plaintiff states that he "asserts claims for: (1) Malicious Prosecution; (2) Fabrication of Evidence and Due Process Violations; (3) Equal Protection Violations; (4) Bivens

---

[1] For clarity, the Court cites to the actual PDF page number of the second amended complaint.

Claims; and (5) ADA/RA violations." (Id. at pp. 5-6.) Plaintiff then briefly addresses anticipated defenses and rebuttals from Defendants. (Id. at p. 6.)

For damages, "Plaintiff seeks compensatory damages for six years of wrongful incarceration, physical injury and back surgery, emotional distress, reputational harm, and economic losses from business and rental property. Plaintiff also seeks punitive damages, attorney's fees under 42 U.S.C. § 1988, and costs." (Id.) Likewise, in his prayer for relief, Plaintiff states that he "respectfully requests judgment against Defendants as follows: A. Compensatory damages in an amount to be proven at trial. B. Punitive damages against individual defendants. C. Attorney's fees and costs. D. Declaratory Relief. E. Such further relief as the Court deems just and proper." (Id. at p. 7.)

Following the complaint, Plaintiff has attached copies of the following: (1) a copy of the opinion from United States v. Hawkins, 689 Fed. Appx. 858 (9th Cir. 2017) (mem.); (2) two copies of a statement of non-opposition filed by the United States in the underlying criminal litigation in this matter, United States v. Hawkins, No. 2:10-cr-00458-JAM-3, ECF No. 547 (E.D. Cal. June 29, 2020); (3) a copy of a motion to dismiss the indictment filed by the United States in the underlying criminal litigation, id., ECF No. 544 (E.D. Cal. June 22, 2020); (4) a copy of an order of dismissal entered by the Hon. John A. Mendez in the underlying criminal litigation, id., ECF No. 545 (E.D. Cal. June 22, 2020); and (5) a copy of a minute order entered by the Hon. John A. Mendez, denying as moot a subsequent motion to dismiss filed by Plaintiff and directing that the criminal file be closed in the underlying criminal litigation, id., ECF No. 553 (E.D. Cal. July 23, 2020). (See ECF No. 24, pp. 9-21.)

**III.**

**DISCUSSION**

**A.    The Court Is Limited to the Allegations in the Second Amended Complaint**

As the Ninth Circuit has explained, "[i]t is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015), quoting Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds*, Lacey v.

Maricopa County, 693 F.3d 896, 927-28 (9th Cir. 2012).  In other words, "the original pleading no longer performs any function . . . ."  Id., quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Furthermore, in the Eastern District of California, the Local Rule regarding "changed pleadings" states, "every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Accordingly, the Court limits itself to screening the second amended complaint only in issuing this screening order.

**B.      Federal Rule of Civil Procedure 8**

The Court finds that Plaintiff has not identified or supported any possible cognizable cause(s) of action because Plaintiff's factual allegations are lacking in basic of information.  In other words, instead of explaining to the Court of what happened relevant to a cause of action, Plaintiff has made no allegations that state the who, what, where, when, or why.  For example, Plaintiff's only factual allegations relate to Defendant Skipper who allegedly had animus toward Plaintiff (in an underlying criminal action).  Plaintiff also alleges that Charnette Corbin had a close familial relationship with Defendant Skipper (her first cousin), which "further demonstrates the conflict of interest."  Plaintiff alleges that Corbin would become the executor of Defendant Skipper's estate following her death in 2024.  Based on only these allegations, Plaintiff suggests that "[t]his conduct tainted the prosecution and led to malicious overreach."  Plaintiff's attachments do not otherwise support a cause of action when read in tandem with the allegations in the operative complaint.

Even giving Plaintiff every reasonable inference, the Court is unable to construe any claim. While Federal Rule of Civil Procedure 8(a) requires that Plaintiff need only provide a short and plain statement of the claim, the claims nevertheless need to be facially plausible.  The Court finds that such adequate factual allegations are absent in the operative complaint to support any claim, and therefore, the complaint fails to state a claim for which relief may be provided.

/ / /

/ / /

**C.      Legal Standards for Claims Identified**

Notwithstanding the findings above, the Court acknowledges that Plaintiff has listed five causes of action he seeks to raise: (1) Malicious Prosecution; (2) Fabrication of Evidence and Due Process Violations; (3) Equal Protection Violations; (4) Bivens Claims; and (5) ADA/RA violations.  The Court will go ahead and give Plaintiff the relevant legal standards.

**1.      42 U.S.C. § 1983**

Section 1983 is a legal mechanism through which a plaintiff may bring a cause of action for the violation of a constitutional or other federal rights caused by persons acting under color of state law.  Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim under Section 1983, a plaintiff is required to allege that (1) each defendant acted under color of state law and (2) each defendant deprived him or her of rights secured by the federal constitution or federal law.  Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021), citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988).  Generally, each defendant must have personally participated in the deprivation of the plaintiff's rights.  Jones, 297 F.3d at 934; see also Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

Thus, a plaintiff must link a defendant with some affirmative act or omission that demonstrates a violation of his federal rights.  General statements about groups of people are generally insufficient.  Simply stating that someone did something, without context, may also be deemed conclusory.  Relatedly, simply stating something or someone violated a law is a legal conclusion, which is a determination reserved for the Court.

An important limitation: claims brought through Section 1983 may only be brought against persons who act under color of state law.  42 U.S.C. § 1983.  For example, "a public employee acts under color of *state* law while acting in his official capacity or while exercising his responsibilities pursuant to *state* law."  Paeste v. Government of Guam, 798 F.3d 1228, 1238 (9th Cir. 2015) (emphasis added), quoting West v. Atkins, 487 U.S. 42, 50 (1988).  Thus, "[p]risoners ordinarily *cannot* bring state-law tort actions against employees of the Federal Government."  Minneci v. Pollard, 565 U.S. 118, 126 (2012) (emphasis in original); see Thai v. County of Los Angeles, 127

F.4th 1254 (9th Cir. 2025) (noting that because officers were acting under federal law, those officers were not subject to a lawsuit under Section 1983).

### 2.    Malicious Prosecution

In order to state a claim of malicious prosecution, a plaintiff must plead the following: (i) the suit or proceeding was "instituted without any probable cause"; (ii) the "motive in instituting" the suit "was malicious," which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution "terminated in the acquittal or discharge of the accused." Thomas v. Clark, 596 U.S. 36, 44 (2022), quoting T. Cooley, Law of Torts 180 (1880). Stated another way, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004) (brackets in original), quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir.1995); see Hebrard v. Nofziger, 90 F.4th 1000, 1007-08 (9th Cir. 2024). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed." Id. at 1108, citing Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126-27 (9th Cir. 2002).

### 3.    Fabrication of Evidence

"[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc). "A plaintiff can prove deliberate fabrication in two ways." Richards v. County of San Bernardino, 39 F.4th 562, 569 (9th Cir. 2022). "Most basically, a plaintiff can produce direct evidence of deliberate fabrication." Caldwell v. City & Cnty. of S.F., 889 F.3d 1105, 1112 (9th Cir. 2018). "Alternatively, a plaintiff can produce circumstantial evidence related to a defendant's motive." Id. To prove fabrication using circumstantial motive evidence, a plaintiff must establish that either: (a) "[d]efendants continued their investigation of [plaintiff] despite the fact that they knew or should have known that he was innocent"; or (b) "[d]efendants used investigative techniques

that were so coercive and abusive that they knew or should have known that those techniques would yield false information." Devereaux, 263 F.3d at 1076.

Ultimately, "[t]o prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." Spencer v. Peters, 857 F.3d 789, 798 (9th Cir. 2017) (citations omitted).  To establish the second element of causation, the plaintiff must show "that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." Spencer, 857 F.3d at 798 (citations omitted).  Causation is established if the plaintiff "can show a reasonable likelihood that the allegedly fabricated [] evidence could have affected the judgment of the jury." Richards, 39 F.4th at 573-74.

That said, "[m]ere carelessness is insufficient, as are mistakes of tone.  Errors concerning trivial matters cannot establish causation, a necessary element of any § 1983 claim.  And fabricated evidence does not give rise to a claim if the plaintiff cannot show the fabrication actually injured her in some way." Spencer, 857 F.3d at 798.

**4.     Equal Protection**

The Equal Protection Clause prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  To establish an equal protection claim, a plaintiff must allege "that a class that is similarly situated has been treated disparately." Olson v. California, 104 F.4th 66, 77 (9th Cir. 2024), quoting Ariz. Dream Act Coal. v. Brewer, 757 F.3d 1053, 1063 (9th Cir. 2014).  Indeed, "[t]he first step in equal protection analysis is to identify the state's classification of groups." Brewer, 757, at 1064, quoting Country Classic Dairies, Inc. v. Milk Control Bureau, 847 F.2d 593, 596 (9th Cir. 1988).  "The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." Id., quoting Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).  The comparator groups "need not be similar in all respects, but they must be similar in those respects relevant to the Defendants' policy." Id.

"The next step in equal protection analysis would be to determine the level of scrutiny." County Classic Dairies, 847 F.2d at 596. Based on the level the scrutiny, the court then engages in whether the corresponding standard is met. See Adarand Constructors v. Pena, 515 U.S. 200, 235 (1995) (strict scrutiny: a classification "must serve a compelling governmental interest, and must be narrowly tailored to further that interest"); United States v. Virginia, 518 U.S. 515, 533 (1996) (intermediate scrutiny: the state must show that "that the [challenged] classification serves 'important governmental objectives and that the discriminatory means employed' are 'substantially related to the achievement of those objectives.'"; for differential treatment based on gender, the offered justification must be "exceedingly persuasive."); United States v. Skrmetti, 605 U.S. 495 (2025) (rational basis: "if a law neither burdens a fundamental right nor targets a suspect class, [courts] will uphold the legislative classification so long as it bears a rational relation to some legitimate end.").

**5.    Bivens Claim**

In order to bring a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), a plaintiff must allege: (1) the defendant(s) were federal employees or their agents; (2) the defendant(s) acted or purported to act in the performance of official duties under any federal law; (3) the defendant(s)'s acts or failures to act deprived you of a particular constitutional right; and (4) the defendant(s)'s acts or failures to act caused your damages or injury.

A plaintiff must provide facts supporting the elements of the specific constitutional violation he or she alleges. In other words, to prevail on a Bivens claim, a plaintiff must allege each of the elements of an underlying constitutional claim (for example, the elements of an excessive force claim, a conditions of confinement claim, or a medical care claim) and such plaintiff must also allege the four elements listed above.

The Court observes that the Supreme Court has limited the availability of Bivens claims. See Ziglar v. Abbasi, 582 U.S. 120 (2017); Hernandez v. Mesa, 589 U.S. 93 (2020). Indeed, the most recent Supreme Court decision discussing the scope of a Bivens claim "emphasized that recognizing a cause of action under Bivens is a 'disfavored judicial activity.'" Egbert v. Boule,

596 U.S. 482, 491 (2022).  To date, only three types of federal constitutional violations have given rise to a Bivens suit.  In the Bivens decision itself, the Supreme Court allowed a suit seeking compensation for allegedly unreasonable searches and seizures that violated the Fourth Amendment.  Eight years later, the Court implied a cause of action where an individual had alleged that a congressman's sex discrimination violated the Fifth Amendment's Due Process Clause.  Davis v. Passman, 442 U.S. 228 (1979).  Finally, the Court recognized a federal inmate's right in Carlson v. Green, 446 U.S. 14 (1980), to sue federally employed prison guards and officials for alleged violations of the Eighth Amendment's freedom from cruel and unusual punishment.

### 6.    ADA/RA Claim

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability.  42 U.S.C. § 12132 (1994); Weinrich v. L.A. Cnty. Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  The Supreme Court has held that Title II of the ADA applies to state prisons.  Penn. Dept. of Corr. v. Yeskey, 524 U.S. 206, 210 (1998); see also Lee, 250 F.3d at 691.  "Generally, public entities must 'make reasonable modification in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'"  Pierce v. Cnty. of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008), quoting 28 C.F.R. § 35.130(b)(7).

To state a claim under Title II of the ADA, a plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010), quoting McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); Weinrich, 114 F.3d at 978.

The proper defendant in an ADA action is the public entity responsible for the alleged discrimination.  United States v. Georgia, 546 U.S. 151, 153 (2006).  State correctional facilities

are "public entities" within the meaning of the ADA.  See 42 U.S.C. § 12131(1)(A) & (B); Penn. Dept. of Corrections, 524 U.S. at 210; Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).

The proper defendant in an ADA action is the public entity responsible for the alleged discrimination.  United States v. Georgia, 546 U.S. 151, 153 (2006).  State correctional facilities are "public entities" within the meaning of the ADA.  See 42 U.S.C. § 12131(1)(A) & (B); Penn. Dept. of Corrections, 524 U.S. at 210; Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).

Ordinarily, a plaintiff is not entitled to monetary damages against defendants in their official capacities.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities.").  However, the Eleventh Amendment does not bar ADA or RA suits against state officials in their official capacities for injunctive relief or damages.  See Kohn v. State Bar of California, 119 F.4th 693, 695-96 (9th Cir. 2024).

In addition, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant."  Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."  Id. at 1139.  The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that the defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness."  Id. at 1140.  When the plaintiff has alerted the public entity to his need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation), the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test. Id. at 1139.

Although "[t]he ADA prohibits discrimination because of disability," it does not provide a remedy for "inadequate treatment for disability."  Simmons, 609 F.3d at 1022, citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison for

simply failing to attend to the medical needs of its disabled prisoners . . . .  The ADA does not create a remedy for medical malpractice.").

* * *

The Court will give Plaintiff leave to amend with the understanding that Plaintiff will do so only to the extent he believes in good faith he can plead additional factual material that could satisfy one or more of the legal standards identified above and not merely parrot this order.  See Fed. R. Civ. P. 15(a)(2); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Furthermore, the Court incorporates the District Judge's previous order as follows:  "the plaintiff will amend his complaint to clarify what claims he asserts against what defendants . . . .  The amended complaint will not include claims that the Ninth Circuit upheld as dismissed, or defendants that the Ninth Circuit held were entitled to absolute immunity."  (ECF No. 23.)  Finally, the third amended complaint, including attachments, shall not exceed twenty-five (25) pages in length, and it must be complete in and of itself.

**IV.**

**CONCLUSION AND ORDER**

For the reasons discussed herein, the second amended complaint fails to state any cognizable claims for relief, and Plaintiff shall be granted leave to file a third amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith.  See Lopez, 203 F.3d at 1127.  If Plaintiff chooses to file a third amended complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of state law.  Iqbal, 556 U.S. at 678-79.  Importantly, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez, 806 F.3d at 1008.

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint curing the deficiencies identified by the Court in this order;

3.    The third amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the assigned District Judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:    **May 20, 2026**

STANLEY A. BOONE
United States Magistrate Judge

13